FRANK COLONNA, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claims Nos. 17117, 17337, 17661, 17826, 18146, 18538, 18687, 19450 and 21687.)

Court of Claims, March 7, 1933.

*Arthur Rathjen,* for the claimant.

*John J. Bennett, Jr., Attorney-General [James Gibson, Assistant Attorney-General,* of counsel], for the defendant.

POTTER, J.   In the nine claims now before this court for decision the claimant seeks to recover from the State the sum of $59,528.91, and he bases his right to make such recovery upon the theory that if water had not leaked and seeped into his quarry from the Barge canal during the periods covered by these claims, he could have taken out 95,220 cubic yards of block and 206,310 lineal feet of curb.   It is unthinkable that the claimant should receive such an award as he asks.   He still has left in his quarry all of the stone originally there except for a small amount taken out by him in 1926 and for that year he received an award for damages for pumping and loss of production on account of water coming into his quarry from the Barge canal.   I am satisfied that if there had been an active market and demand for stone, the quarry could have been operated during all the periods covered by these claims, and that the amount of water coming into the quarry was not so great but what the quarry could for a small amount have been kept in condition so that quarrying operations could have been carried on.   If quarrying operations had been carried on, the claimant would have been entitled to recover the cost of keeping the water out of his quarry and in addition thereto the loss on production between working the quarry under wet conditions and under dry conditions.   The damage to the claimant would then have been definite and certain.

During all the years covered by these claims the claimant failed to make a reasonable effort to minimize the damages he suffered by reason of water leaking and seeping into his quarry from the Barge canal. The Appellate Division having decided that the claimant was entitled to damages (232 App. Div. 385), the court is awarding him what it believes to be substantial damages for the periods covered by these claims, to wit, $300 for each year for pumping operations, including the cost of the pump, the expense of running it and the depreciation on the same, amounting to the sum of $2,700; for working the quarry under wet conditions and loss of production on account thereof, the court has reached the conclusion that $750 for each year is a substantial award to the claimant for the damages he has suffered. The sum of $750 for each year covered by the nine claims amounts to $6,750, and adding to this the allowance made for pumping makes an award of $9,450 to the claimant which the court considers ample to pay for all damages he has suffered.

BARRETT, J., concurs.